CHASEZ, Judge.
The plaintiff in this action is the duly appointed liquidator of University Club of Louisiana, a domestic corporation in liquidation. She brought this suit to enforce collection of an undated promissory note in the amount of $400.00 drawn by the defendant, William B. Coleman, Jr., payable to the order of the University Club of Louisiana on demand. After trial on the merits the trial court granted judgment for the plaintiff in the full amount claimed, $400.00. The defendant has taken this appeal. No transcript of the proceedings below was made, therefore the parties joined in a written narrative of facts pursuant to LSA C.C.P. art. 2131.
According to this narrative of facts the defendant signed the promissory note in question in response to solicitation for subscription for stock in University Club of Louisiana which was, at the time of the signing of the note, in the process of organization. Defendant in fact paid $100.-00 in cash and signed the note for the balance of the subscription. Defendant made no payments on the note, and no shares of stock in the corporation were ever issued to him. Stock subscriptions were solicited in similar fashion from many other individuals in the community; those that paid the full $500.00 subscription were issued stock, those that did not pay in full were not issued stock.
The trial judge stated the following as his reasons for judgment:
“From the evidence .the Court concludes that the undated note represented evidence of an indebtedness and it is sufficient to support the claim by the plaintiff against the defendant. Further, the Court concludes from the evidence that stock would have been issued to the defendant, provided, the defendant would have paid the entire amount evidenced by the aforesaid instrument.”
The plaintiff in support of her position argues that the promissory note represents a stock subscription in the corporation, and as such is irrevocable and enforceable for a period of one year from the date of signing. She relies upon LSA-R.S. 12:6, which she contends requires no specific form or substance for a stock subscription other than that it be in writing. Therefore she concludes that as the promissory note is in writing it can .be enforced as a stock subscription.
The defendant takes the position that the note cannot be enforced as a stock subscription as it makes no mention on its face of stocks, price, terms, number of shares or any other details which would be found in a written agreement to subscribe. Further the defendant argues that the instrument cannot be enforced simply as a promissory note as it is not in the hands of a holder in due course thus it is subject to the personal defense of failure of consideration. The defendant concludes that the decision of the trial court should now be reversed and plaintiff’s claim must be rejected.
LSA-R.S. 12:6 provides in pertinent part:
“A. Subscriptions for shares of a corporation to be formed shall be in *576 writing. Unless otherwise provided in the writing, the subscription shall be:
(1) irrevocable for a period of one year from the date of signing except as provided in Subsection B of this Section;
(2) revocable after a period of one year from the date of signing, unless prior to such revocation corporate existence shall have begun as provided in R.S. 12:5.”
As indicated above, plaintiff-appellee argues that as the only statutory requirement for a stock subscription is that it be in writing, the written promissory note is effective as a stock subscription as it admittedly was given in response to a stock solicitation.
We cannot agree with this argument. It is true that there is no statutory or jurisprudential authority which delineates the requisites for a valid and enforceable stock subscription. Reason however dictates that it at least be in some format recognizable on its face as an agreement to subscribe for stock in'a certain corporation. In Fletcher’s Cyclopedia of The Law of Private Corporations, Vol. IV §§ 1363, 1363.1, pp. 18, 19 we see the following:
“§ 1363. Subscriptions defined.
A subscription to the stock of a corporation has been defined as a contract by which the subscriber agrees to take a certain number of shares of the capital stock of a corporation, paying for the same, or expressly or impliedly promising to pay for the same. While this definition is not entirely satisfactory, it suffices as a general definition, to be read in connection with the distinctions hereinafter noted.
“ § 1363.1. Nature and form of subscription agreements.
Subscribers for shares are persons who have agreed to take and pay for original, unissued shares of a corporation, formed or to be formed. A subscription is different from a contract of purchase and sale, being a contract to issue or create new shares, as contrasted with an agreement for the transfer of title to shares already in existence.
Unless the corporation statute requires that subscriptions shall be in some particular form or made with certain formalities, all that is required is an agreement to take a given number of shares in a specified corporation. The subscription agreement should indicate, at least in a general way, the nature and main purposes of the corporation to be formed, the amount of authorized capital, the kind and number of shares authorized and the class, par value and number of shares subscribed for.”
And again in that same treatise, Vol. IV, § 1479, p. 164:
“ § 1479. Definiteness and certainty.
The contract, of course, must be sufficiently definite and certain to enable a court to enforce it. An indefinite subscription for stock in a corporation to be formed, as for example one which does not specify the amount of stock of the corporation, or what proportion the subscriber is to take, or when or by whom the company is to be organized, cannot be enforced. It is a general rule that the subscription must be for a definite number of shares, and must show the amount which the defendant agrees to pay therefor. ^ ^
We approve of these statements as fair representations of the law regarding the formalities necessary for an enforceable subscription for stock. Applying these principles to the case at bar we find that the simple promissory note in question cannot reasonably be enforced as a stock subscription.
Next we consider whether this instrument can ,be enforced against the defendant as a simple promissory note. Defendant argues that the note is subject to the personal defense of failure of consideration, since *577 the note was admittedly given for certain shares of stock which were never issued.
We agree with this argument. The University Club of Louisiana did not take the note for value thus it is not a holder in due course.[1] It is thus subject to the personal defense of failure of consideration.[2] As the plaintiff has admitted that stock was never issued to defendant this defense is a valid one to plaintiff’s attempt now to enforce the note.
For the reasons hereinabove assigned, the decision of the trial judge is reversed and judgment is now rendered in favor of the defendant, William B. Coleman, Jr., dismissing plaintiff’s suit at her cost.
Reversed and rendered.

.LSA-R.S. 7:52

. LSA-R.S. 7:28